**FILED**

UNITED STATES DISTRICT COURT

JUL - 3 2006

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MBNA AMERICA BANK, N.A., | \* | CIV 06-4062 |
| Plaintiff, | \* | |
| -vs- | \* | MEMORANDUM OPINION AND ORDER FOR SUMMARY REMAND |
| SKEETER R. HANSEN, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant, Skeeter Hansen, filed a Notice of Removal pursuant to 28 U.S.C. § 1446, contending that this Court has jurisdiction based upon diversity of citizenship and that the issues involved raise federal questions. The documents filed with the Notice of Removal indicate that the Plaintiff filed a Motion to Confirm Arbitration Award in the Third Judicial Circuit in the State of South Dakota and that the arbitration award was in the amount of $8,015.80 plus interest at the rate of 10% per year from the date of the Award in the amount of $173.82. The Court finds that it lacks subject-matter jurisdiction, and will remand this action to state court pursuant to 28 U.S.C. § 1446(c)(4), which provides that, "The United States district court in which [a notice of removal] is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

A civil action brought in a state court is removable to federal court under 28 U.S.C. § 1441 if it is an action "of which the district courts of the United States have original jurisdiction." This Court has an obligation to raise the issue of subject- matter jurisdiction *sua sponte*. *See Andrus v. Charlestone Stone Products Co., Inc.*, 436 U.S. 604, 608 n. 6 (1978); *Crawford v. F. Hoffman-La Roche LTD.*, 267 F.3d 760, 764 n. 2 (8th Cir. 2001). Diversity jurisdiction does not exist in this case because the amount in controversy is well below the $75,000 requirement for jurisdiction under 28 U.S.C. § 1332(a). In addition, "[t]he Federal Arbitration Act does not provide a basis for federal question jurisdiction." *Smart v. Sunshine Potato Flakes, L.L.C.*, 307 F.3d 684, 686 n.2 (8th Cir.

2002); *see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32 (1983). Thus, this action will be summarily remanded to state court. Accordingly,

IT IS ORDERED:

1. That this action is remanded to the Third Judicial Circuit Court of the State of South Dakota pursuant to 28 U.S.C. § 1446(c)(4).

2. That the Motion to Proceed In Forma Pauperis, Doc. 3, is granted.

Dated this 3rd day of July, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Sharon Lury*
       DEPUTY

2